| | |
|---|---|
| BMW OF NORTH AMERICA LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>M/V "COURAGE," her engines,<br>boilers, etc., *in rem*, FIDELIO<br>LIMITED PARTNERSHIP INC.;<br>AMERICAN ROLL-ON ROLL-OFF<br>CARRIER LLC; TOTE SERVICE<br>INC.; GOVLOG NV and FORD<br>MOTOR COMPANY; *in personam*,<br><br>                    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

16 Civ. 4063 (JMF)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF GOVLOG NV'S MOTION TO DISMISS COMPLAINT**

| | |
|---|---|
| HDI GLOBAL SE a/s/o DAIMLER<br>AG,<br><br>                    Plaintiff,<br><br>v.<br><br>M/V "COURAGE," her engines,<br>boilers, etc., *in rem*, FIDELIO<br>LIMITED PARTNERSHIP INC.;<br>AMERICAN ROLL-ON ROLL-OFF<br>CARRIER LLC; TOTE SERVICE<br>INC.; GOVLOG NV and FORD<br>MOTOR COMPANY; *in personam*,<br><br>                    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

16 Civ. 4125 (JMF)

INTERNATIONAL LOGISTICS, INC.,

               Plaintiff,

v.

M/V "COURAGE," her engines, boilers, etc., *in rem*, FIDELIO LIMITED PARTNERSHIP INC.; AMERICAN ROLL-ON ROLL-OFF CARRIER LLC; WALLENIUS WILHELMSEN LOGISTICS; TOTE SERVICE INC.; GOVLOG NV and FORD MOTOR COMPANY; *in personam*,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

16 Civ. 4149 (JMF)

**Table of Contents**

Page

Preamble .................................................................................. 1

Facts ....................................................................................... 1

Service Of Process................................................................... 3

Argument ................................................................................ 4

Point I. Due Process Prohibits Jurisdiction Over Govlog........................................... 4

Point II. New York Law Does Not Permit Personal Jurisdiction Over Govlog ....... 6

A.    Govlog Is Not "Doing Business" In New York And Is Not Subject To
      Personal Jurisdiction Under CPLR 301 .................................................. 7

B.    There is No Specific Jurisdiction over Govlog Pursuant to CPLR 302(a)..... 8

Point III. All Three Complaints Should Be Dismissed For Improper Venue......... 10

Point IV. Alternatively, All Three Complaints Should Be Dismissed Pursuant to
The Doctrine Of Forum Non Conveniens............................................... 11

A.    Belgium is a more convenient forum for this action. ................................. 12

      1.    Plaintiff's Choice of Forum Should be Accorded No Deference....... 13

      2.    Belgium is an Adequate Alternative Forum...................................... 15

      3.    The Private and Public Interests all Favor Belgium as the Forum for
            this Lawsuit............................................................................. 16

            i.    The Private Interests Favor Belgium.......................................... 16

            ii.   The Public Interests Favor Belgium.......................................... 17

B.    Plaintiffs' Argument for a New York forum is Unavailing........................... 18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*American Dredging Co. v. Miller,*
    510 U.S. 443 (1994) ........................................................................... 12

*Areotel, Ltd. v. Sprint Corp.,*
    100 F. Supp. 2d 189 (S.D.N.Y. 2000) .................................................. 7

*Bell v. Classic Auto Group, Inc.,*
    2005 U.S. Dist. LEXIS 4413 (S.D.N.Y. Mar. 21, 2005) ................... 10

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ............................................................................ 5

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC,*
    69 F. Supp. 3d 342 (S.D.N.Y. 2014) ................................................... 7

*Carbotrade S.p.A v. Bureau Veritas,*
    99 F.3d 86 (2d Cir. 1996) .................................................................. 17

*Chaiken v. VV Pub'l Corp.,*
    119 F.3d 1018 (2d Cir. 1997) .............................................................. 4

*Contract Marine Carriers, Inc. v. Abbot Laboratories, Int'l,*
    1993 A.M.C. 1841, 1993 U.S. Dist. LEXIS 4260 (S.D.N.Y. 1993) .................... 6

*Daimler AG v. Bauman,*
    571 U.S. ____, 134 S. Ct. 746 (2014) ................................................. 5

*Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.,*
    806 F. Supp. 2d 712 (S.D.N.Y. 2011) ............................................... 12

*Fort Knox Music, Inc. v. Baptiste,*
    203 F.3d 193 (2d Cir. 2000) ................................................................ 4

*Francosteel Corp., Unimetal-Normandy v. M/V Charm, Et al.,*
    19 F.3d 624 (11th Cir. 1994) .............................................................. 6

*Frontera Res. Azer. Corp. v. State Oil Co. of the Azer. Republic,*
    582 F.3d 393 (2d Cir. 2009) ................................................................ 4

*Gulf Oil Corp. v. Gilbert,*
  330 U.S. 501 (1947) ................................................................... 15

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
  466 U.S. 408 (1984) ..................................................................... 9

*Ingraham v. Carroll,*
  90 N.Y.2d 592, 687 N.E.2d 1293, 665 N.Y.S.2d 10 (1997)............................... 8

*Jazini by Jazini v. Nissan Motor Co., Ltd.,*
  148 F.3d 181 (2d Cir. 1998)............................................................ 4

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,*
  77 N.Y.2d 28, 563 N.Y.S.2d 739 (1990) ............................................... 7

*Le Blanc v. Cleveland,*
  899 F. Supp. 149 (S.D.N.Y. 1995).................................................... 11

*McGowan v. Smith,*
  52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981) ............................................. 9

*Norex Petroleum Ltd. v. Access Indus., Inc.,*
  416 F.3d 146 (2d Cir. 2005)............................................... 12, 13, 15

*Piper Aircraft Co. v. Reyno,*
  454 U.S. 235 (1981) ................................................................ 12

*Pollux Holding Ltd. v. Chase Manhattan Bank,*
  329 F.3d 64 (2d Cir. 2003) ...................................... 14, 15, 16, 17, 18

*Porina v. Marward Shipping Co.,*
  521 F.3d 122 (2d Cir. 2008)........................................................... 5

*Seales v. Panamanian Aviation Co.,*
  356 F. App'x 461 (2d Cir. 2009) ......................................... 14, 16, 18

*Stroud v. Tyson Foods, Inc.,*
  91 F. Supp. 3d 381 (E.D.N.Y. 2015) ................................................ 7

*U.S. v. M/V Santa Clara I,*
  859 F. Supp. 980 (D.S.C. 1994)....................................................... 6

*Wiwa v. Royal Dutch Petroleum Co.*,
   226 F.3d 88 (2d Cir. 2000) ............................................................... 8

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ................................................................. 9, 10

## Statutes

28 U.S.C. § 1333 ......................................................................... 10

28 U.S.C. § 1391(b) ...................................................................... 11

28 U.S.C. § 1391(b)(1) .................................................................. 11

28 U.S.C. § 1391(b)(2) .................................................................. 11

28 U.S.C. § 1391(b)(3) .................................................................. 11

## Other Authorities

C.P.L.R. 301 ............................................................................ 7, 8

C.P.L.R. 302(a) .......................................................................... 7, 9

C.P.L.R. 302(a)(1) ......................................................................... 9

C.P.L.R. 302(a)(2) ......................................................................... 9

C.P.L.R. 302(a)(3) ......................................................................... 9

Fed. R. Civ. P. 4(e) and 4 (k) ........................................................... 7

Fed. R. Civ. P. 12(b)(2) .................................................................. 6

Fed. R. Civ. P. 12(b)(3) ............................................................. 10, 11

## PREAMBLE

This Court does not possess jurisdiction over Defendant GOVLOG NV ("GOVLOG").  GOVLOG is a foreign corporation incorporated in Belgium; GOVLOG does not conduct business in the United States; it does not solicit any business in the United States related to the shipment at issue; it does not have any bank accounts or property in the United States; it does not derive any revenue from any activities in the United States; nor has any offices or employees in the United States. GOVLOG has no connection with the United States, let alone with New York.

Plaintiffs in the above captioned matters do not and cannot meet their respective burden of establishing personal jurisdiction over GOVLOG.  All of these complaints must be dismissed with prejudice.

Alternatively, the Southern District of New York is an improper venue or *forum non conveniens*.

## FACTS

GOVLOG NV ("GOVLOG") is incorporated in Belgium.  Affidavit of Stephan Geurts, Jr. ("Geurts Aff") at ¶ 4.  GOVLOG's principal place of business is in Belgium. *Id*. at ¶ 5.  GOVLOG only conducts business operations in Belgium. *Id*. at ¶ 6-8.  All of GOVLOG's employees are located in Belgium. *Id*. at ¶ 6-8.  GOVLOG's sole offices or locations for transacting business are in Belgium.  *Id*. at 6.

GOVLOG does conduct some limited business development in the United States through its involvement with a professional organization, known as the International Association of Movers ("IAM"), which is the moving and forwarding

industry's largest global trade association. *Id.* at ¶ 13.  GOVLOG has also submitted European-based rate proposals to U.S. based transportation service providers for services only in Europe which are subject to Belgian law and Belgian courts. *Id.* at ¶ 14.  GOVLOG has never regularly operated, or engaged in or carried on business in the United States. *Id.* at ¶ 13-15.  GOVLOG is not incorporated in the United States, does not and has not maintained a place of business, office or other facility in the United States. *Id.* at ¶ 6-7.  None of GOVLOG's employees are stationed or located in the United States. *Id.* at ¶ 8.  GOVLOG does not maintain a bank account or telephone listing in the United States. *Id.* at ¶ 9.  GOVLOG has never maintained a mailing address in the United States. *Id.* at ¶ 10.  GOVLOG has never owned or leased any real property in the United States. *Id.* at ¶ 11.  Beyond its limited involvement with IAM and the submission of certain European-based rate proposals, GOVLOG has never advertised or solicited business in the United States. *Id.* at ¶ 13-15.  In sum, GOVLOG has never regularly operated, conducted, engaged in, or carried on business in the United States. *Id.* at ¶ 15.

GOVLOG's only alleged connection with the United States relative to the claim is fortuitous. The Bill of Lading Number ARPFBEANR005009 ("ARC Bill of Lading") relied upon by plaintiffs was issued by co-defendant American Roll-On Roll-off Carrier, LLC ("ARC"), a company wholly unrelated to GOVLOG. Affidavit of David Y. Loh ("Loh Aff."), Ex. "D".  The ARC Bill of Lading related to a certain 2002 Ford Escape with V.I.N. 1FMYU01BX2KD64419 ("the Shipment"). *Id.*  The ARC Bill of Lading identified the port of loading at Antwerp, the port of discharge at Baltimore, the place of delivery at Baltimore, the

consignee as Mary Smith with an address of 8130 Porters Road, Falls Church, VA 22043, the notify party as US Despatch Agency, 2200 Broening Highway, Room 125, Baltimore, MD  21224 and the place and date of issue of the ARC Bill of Lading was Woodcliff Lake, NJ on May 28, 2015.  *Id.*  The cargo and voyage have no connection to New York.  *Id.*

All of GOVLOG's services were contracted by the American Embassy's European Logistical Support Office ("ELSO") in Belgium and performed in Belgium.  Geurts Aff. at ¶ 21. That the vessel was scheduled to call at Baltimore, MD or that certain cargo was intended to be delivered to the United States was not determined by GOVLOG, is fortuitous to them and an insufficient basis to assert personal jurisdiction over GOVLOG, particularly in New York.  *Id.* at ¶ 16 and Loh Aff., Ex. "D".

**Service of Process**

GOVLOG does not have an agent authorized to accept service of process in the United States.  Geurts Aff. at ¶ 11.

Since GOVLOG does not and has never had an office in the United States, has no employees, mailing addresses, or real property in the United States, there is no personal jurisdiction over GOVLOG in the United States, plaintiffs have not attempted to effectuate service pursuant to the Hague Convention and have instead asked GOVLOG to waive service of process.  GOVLOG has elected to move to dismiss the above referenced complaints forthwith for lack of personal jurisdiction.

# ARGUMENT

## POINT I.

### DUE PROCESS PROHIBITS JURISDICTION OVER GOVLOG

Plaintiffs have the burden of establishing the court's personal jurisdiction over GOVLOG and must make a *prima facie* showing that personal jurisdiction exists. *Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1025 (2d Cir. 1997), *citing Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996), *cert. denied*, 136 L. Ed. 2d 398, 117 S. Ct. 508 (1996).  Plaintiffs must do more than make conclusory allegations to bring the nonresident within the court's jurisdiction. *Jazini by Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184-186 (2d Cir. 1998).

GOVLOG's due process rights cannot be overstated.

> The need for personal jurisdiction is fundamental to "the court's power to exercise control over the parties," *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S. Ct. 2710, 61 L. Ed. 2d 464 (1979). "Some basis must be shown, whether arising from the respondent's residence, his conduct, his consent, the location of his property or otherwise, to justify his being subject to the court's power." *Glencore Grain*, 284 F.3d at 1122 (quoting *Transatl. Bulk Shipping*, 622 F. Supp. at 27)."

*Frontera Res. Azer. Corp. v. State Oil Co. of the Azer. Republic*, 582 F.3d 393, 397 (2d Cir. 2009). Due process requires that "there exist between that party and the forum state 'certain minimum contacts . . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000).  The Supreme Court in

*Daimler AG v. Bauman*, 571 U.S. ____, 134 S. Ct. 746 (2014), further refined this concept by holding that a corporation may be subject to general personal jurisdiction in a state only where its contacts are so "continuous and systematic," judged against the corporation's national and global activities, that it is "essentially at home" in that state. *Id.* at 761-62.

Plaintiffs have not pled any facts demonstrating personal jurisdiction over GOVLOG and this fatal defect requires dismissal of the three (3) complaints as to GOVLOG.  It is apparent that New York absolutely has no connection to the claim or GOVLOG. The ARC Bill of Lading contemplated transit from Antwerp to Baltimore, via Southampton.  GOVLOG's activities related to the Shipment were contracted in Belgium and performed in Belgium.  Geurts Aff. at ¶ 21.  GOVLOG has no offices, employees, real property or bank accounts in the United States.  Geurts Aff. at ¶¶ 6-10.  Beyond some minor involvement with the IAM and the submission of certain European-based rate proposals, GOVLOG does not do business in the United States and has not solicited business in the United States.  Geurts Aff. at ¶¶ 13-15.

The destination of the shipment was wholly independent of any decision by GOVLOG and dispels any purposeful direction by GOVLOG was a sufficient basis to justify the exercise of personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 542 (1985) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."); *Porina v. Marward Shipping Co.*, 521 F.3d 122, 128 (2d Cir. 2008) (vessel's repeated visits to ports on the Eastern seaboard insufficient to satisfy due process requirements for jurisdiction over vessel owners

where visits were at the direction of charterer); *Contract Marine Carriers, Inc. v. Abbot Laboratories, Int'l*, 1993 A.M.C. 1841, 1993 U.S. Dist. LEXIS 4260, *12-14 (S.D.N.Y. 1993) (finding no jurisdiction over foreign cargo insurers in New York as sole connection to forum was ship's declaration of general average in New York, coverage attaching to cargo being shipped from New York and the retention of loss adjusters); *U.S. v. M/V Santa Clara I*, 859 F. Supp. 980 (D.S.C. 1994) (finding that Chilean freight forwarder that had hand in placing magnesium phosphide on vessel was not subject to personal jurisdiction anywhere vessel made port); *Francosteel Corp., Unimetal-Normandy v. M/V Charm, Et al.*, 19 F.3d 624, 627-28 (11th Cir. 1994) (finding contract to deliver cargo to Georgia was insufficient contact by non-resident defendant to justify exercise of specific in personam jurisdiction where none of events by defendant giving rise to claim took place in Georgia.

The exercise of jurisdiction over GOVLOG would be unreasonable. The burden to GOVLOG to litigate in New York or the United States is apparent, as it is not located in New York or the United States and does not conduct activities in the United States. New York's only connection to the claim is this lawsuit. Due process precludes personal jurisdiction over GOVLOG, and all three (3) complaints against GOVLOG should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## POINT II.

### NEW YORK LAW DOES NOT PERMIT PERSONAL JURISDICTION OVER GOVLOG

Fed. R. Civ. P. 12(b)(2) requires that the Court dismiss an action against a defendant over which it has no personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).

The Court only has jurisdiction over non-resident defendants like GOVLOG:  (i) to the extent authorized by the law of the state in which that court sits or, (ii) if the defendant is not subject to jurisdiction in any state, to the extent that jurisdiction is consistent with the Constitution.  *See* Fed. R. Civ. P. 4(e) and 4 (k). As discussed above, due process prohibits personal jurisdiction over GOVLOG and the inquiry should end there. However, it is apparent that GOVLOG is not subject to general jurisdiction in New York pursuant to C.P.L.R. 301 or specific jurisdiction pursuant to C.P.L.R. 302(a).

## A.   GOVLOG Is Not "Doing Business" In New York And Is Not Subject To Personal Jurisdiction Under CPLR 301

"A foreign corporation is amenable to suit in New York Courts under C.P.L.R. 301 if it has engaged in such a continuous and systematic course of 'doing business' here and that a finding of its 'presence' in this jurisdiction is warranted." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33, 563 N.Y.S.2d 739, 741 (1990).  *See also Areotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 191-192 (S.D.N.Y. 2000). "The test for 'doing business' is a 'simple [and] pragmatic one,' which varies in its application depending on the particular facts of each case." *Id.* (citing *Bryant v. Finnish Nat'l Airline*, 15 N.Y.2d 426, 260 N.Y.S.2d 625 (1965)). "The court must be able to say from the facts that the corporation is 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity.' " *Id.* (citing *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267 (1917)).  *See also Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 387-88 (E.D.N.Y. 2015) (NY district court unable to assert personal jurisdiction over nonresident manufacturer and over nonresident franchisor for injuries alleged suffered at franchise located in Georgia); *BWP Media USA Inc. v.*

*Hollywood Fan Sites, LLC,* 69 F. Supp. 3d 342, 350-51 (S.D.N.Y. 2014) (even allegation that defendant had an office in New York City was insufficient alone to establish personal jurisdiction because under Daimler plaintiffs need to show GOVLOG was "at home" in New York). Thus, personal jurisdiction requires a showing that the corporation is doing business in New York systematically, continuously and with a fair measure of permanence.

GOVLOG is not "doing business" in New York. GOVLOG has never had offices, employees, real property, bank accounts, mailing addresses or telephone listings in the United States. Geurts Aff. at ¶¶ 6-10 and 12. Beyond its involvement with IAM and the submission of certain European-based rate proposals, GOVLOG has never conducted business in the United States, has not solicited business or advertised in the United States. Geurts Aff. at ¶¶ 7, 13-15. GOVLOG is a Belgian corporation whose entire operation is in Belgium. Geurts Aff. at ¶¶ 4, 5, 6 and 8. There is no basis for jurisdiction pursuant to C.P.L.R. 301. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 89 (2d Cir. 2000).

## B.   There is No Specific Jurisdiction over GOVLOG Pursuant to CPLR 302(a)

New York's long arm statute does not extend to the "broadest reach" of the Constitution. *Ingraham v. Carroll*, 90 N.Y.2d 592, 596-97, 687 N.E.2d 1293, 1294-95, 665 N.Y.S.2d 10, 11-12 (1997) ("[Subdivision [302(a)(3)] was not designed to go to the full limits of permissible jurisdiction. The limitations contained in subparagraphs (i) and (ii) were deliberately inserted to keep the provision well within constitutional bounds.") (citations and internal quotation marks omitted). New York's long-arm statute does not provide any additional basis for jurisdiction.

C.P.L.R. 302(a) sets forth when a New York court may exercise personal jurisdiction over a nondomiciliary. It is apparent that C.P.L.R. 302(a) does not apply. Under C.P.L.R. 302(a)(1), there must be a "substantial relationship" between the cause of action and a specific business transaction in New York for jurisdiction to exist. *McGowan v. Smith*, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645 (1981), C.P.L.R. 302(a)(2) requires a tort committed in New York. C.P.L.R. 302(a)(3) requires that the defendant commit a tort injuring a person or property in New York. C.P.L.R. 302(a)(4) requires that the defendant own, use or possess real property in New York.

The claims against GOVLOG relate solely to GOVLOG's conduct in Belgium. GOVLOG's activities related to the Shipment were contracted in Belgium and performed in Belgium. Geurts Aff. at ¶ 21. The alleged damage occurred on board the M/V Courage in the middle of the English Channel, while en route from Bremerhaven, Germany to Southampton, United Kingdom, and the cargo at issue was intended to be delivered to Baltimore, MD. *Id.* at ¶ 16. Finally, the claim is not related to, nor does GOVLOG own, use or possess any real property in New York. Geurts Aff. at ¶12. C.P.L.R. 302(a) simply does not apply.

Moreover, to satisfy due process considerations, plaintiffs must show that GOVLOG "purposefully directed" its activities at or consummated some transaction in New York, and that its claim "arise[s] out of or relate[s] to" those activities. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The nonresident's "purposeful availment" must be such that the defendant

9

"should reasonably anticipate being hailed into court" in the forum state. *World-Wide Volkswagen*, 444 U.S. at 297.

Plaintiffs cannot demonstrate GOVLOG purposefully availed itself of the benefits and protections of New York or that Plaintiffs' respective claims sufficiently arises out of or relates to any forum-related activities by GOVLOG. There simply is no connection to New York.

## POINT III.

### ALL THREE COMPLAINTS SHOULD BE DISMISSED FOR IMPROPER VENUE

Alternatively, the three (3) complaints should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Even if plaintiffs could establish jurisdiction—which is denied—the within case should be dismissed based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3). "On a motion to dismiss for improper venue, the plaintiff has the burden of establishing that it has chosen the proper venue." *Bell v. Classic Auto Group, Inc.*, 2005 U.S. Dist. LEXIS 4413, at *10-11 (S.D.N.Y. Mar. 21, 2005), citing *United States EPA v. Port Auth. of New York & New Jersey*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2000). Plaintiffs cannot meet their burden.

Each of the three (3) complaints allege the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333. An admiralty case may only be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  *Le Blanc v. Cleveland*, 899 F. Supp. 149 (S.D.N.Y. 1995) (venue for admiralty claim improper under 28 U.S.C. § 1391(b)).

This action should be dismissed because it does not comply with the mandates of 28 U.S.C. § 1391(b).

First, none of the plaintiffs contend that GOVLOG resides in New York as required by 28 U.S.C. § 1391(b)(1).  GOVLOG is a Belgian corporation with a principal and sole place of business in Belgium.  Geurts Aff. at ¶ 4, 5, 6 and 8.

Second, none of the events giving rise to plaintiffs' respective claims occurred in New York as required by 28 U.S.C. § 1391(b)(2).  The complaints allege the ocean transportation of cargo traveling from Europe to Baltimore, MD. None of the events giving rise to plaintiffs' allegations occurred in New York. Further, all of GOVLOG's conduct relative to the allegations occurred in Belgium. Geurts Aff. at ¶ 21.

Third, 28 U.S.C. § 1391(b)(3) is inapplicable because plaintiffs do not and cannot allege that the Southern District of New York is a judicial district where GOVLOG may be found.

Accordingly, the proper venue for this dispute against GOVLOG is in Belgium; where Defendant is incorporated and all of the alleged activities by GOVLOG relative to the Complaint took place. The Complaint should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(3).

## POINT IV.

## ALTERNATIVELY, ALL 3 COMPLAINTS SHOULD BE DISMISSED PURSUANT TO THE DOCTRINE OF *FORUM NON CONVENIENS*

Even if the Court determines that it has personal jurisdiction over GOVLOG and that venue is proper, which is denied, it should nevertheless decline to exercise

its jurisdiction based upon the doctrine of *forum non conveniens* because it involves a Belgian freight forwarder defendant who is being asked to defend this action in connection with a vessel fire which occurred in the English Channel while traveling from Bremerhaven, Germany to Southampton, England. All of the evidence, including the subject Ford Escape, and many of the witnesses are located in Belgium, Germany or other European jurisdictions.

*Forum non conveniens* "permits a court to decline jurisdiction over a case, even if personal jurisdiction and venue are otherwise proper, where there is a more convenient forum for the case to be litigated." *American Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994). The general standard provides for dismissal based on *forum non conveniens* "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish...oppressiveness and vexation to a defendant...out of all proportion to the plaintiff's convenience...'" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

## A.  Belgium is a more convenient forum for this action.

The Second Circuit dictates a three step analysis in determining whether to dismiss an action pursuant to the doctrine of *forum non conveniens*. *Norex Petroleum Ltd. v. Access Indus., Inc.,* 416 F.3d 146, 153 (2d Cir. 2005).

"At step one, a court determines the degree of deference properly accorded the plaintiff's choice of forum . . . . At step two, it considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. . . . Finally, a step three, a court balances the private and public interests implicated in the choice of forum." *Id.* In adjudicating a *forum non* motion, the court may consider materials outside the pleadings, including affidavits. *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.,* 806 F. Supp. 2d 712, 724

(S.D.N.Y. 2011).  The application of these factors all direct that this action be dismissed in New York and in favor for a more convenient forum in Belgium, or other European forum.

### 1.    Plaintiffs' Choice of Forum Should be Accorded No Deference.

Courts will accord more deference to a plaintiff's choice of forum if the choice is motivated by the lawsuit's bona fide connection to the United States, and the convenience of the parties in litigating here.  *Norex,* 416 F.3d at 154. However, where plaintiff's choice of forum was motivated by forum-shopping, the court will accord their choice little deference.  *Id.*  The Second Circuit has identified the following factors as relevant to determining whether a forum choice was motivated by convenience or forum-shopping:  "(1) the convenience of the plaintiff's residence in relation to the chosen forum, (2) the availability of witnesses or evidence to the forum district, (3) the defendant's amenability to suit in the forum district, (4) the availability of appropriate legal assistance, and (5) other reasons relating to convenience or expense."  *Id.* at 155.

The application of these factors all demonstrate that New York is not a convenient forum, and that Plaintiffs' choice of forum should be granted no deference.

First, all of the named plaintiffs are located outside the State of New York. With respect to the first action, AXA Corporate Solutions Deutschland is a corporation organized under the laws of Germany with a principal place of business located in Germany.  Loh Aff., Ex. "A" at ¶ 3 and Ex. "E".  AXA's subrogor, BMW AG is also a Germany company with a principal place of business located in Germany.  *Id.* at Ex. "A" at ¶ 4.

Plaintiffs in the second action, HDI Global SE and Daimler AG, are either a European joint stock company or a German corporations with principle places of business located in Germany. *Id.,* Ex. "B" at ¶ 3-4 and Exs. "F" and "G".

Plaintiff in the third action, International Auto Logistics, LLC is a limited liability company registered to business in Georgia with a principle place of business located at 1 Joe Frank Harris Blvd., Brunswick, GA 31523. *Id.* at Ex. "C" at ¶ 2 and Ex. "H".

Second, the subject Ford Escape was loaded aboard M/V Courage at the port of Antwerp, Belgium. *Id.* at Ex. "D". Any witnesses or evidence concerning the manner in which the Vehicle was loaded aboard the Vessel are located exclusively in Europe. *Seales v. Panamanian Aviation Co.,* 356 F. App'x 461, 464 (2d Cir. 2009) (granting *forum non* motion because, inter alia, the "key-witnesses" were not present in the U.S.).

In fact, any witnesses with personal knowledge concerning the exact manner in which the subject Ford Escape are located in Europe and it is likely these European witnesses cannot be compelled to testify in the United States. *Pollux Holding Ltd. v. Chase Manhattan Bank,* 329 F.3d 64, 75 (2d Cir. 2003) (fact that several witnesses could not be compelled to testify in U.S. weighed heavily in favor of *forum non* dismissal).

Third, as discussed above, *supra* at 3-13, GOVLOG is not subject to jurisdiction in New York, and is not amenable to suit here.

In sum, there are not factual circumstances in this action that dictates that it should be heard in New York, and the Court should grant no deference to Plaintiffs' choice of forum. None of the parties have a presence in New York.

14

Virtually all of the evidence and witnesses are located overseas, and European witnesses cannot be compelled to testify here. GOVLOG, not subject to jurisdiction in New York, should not be forced to answer claims here when Plaintiffs filed suit. For reasons of convenience to the parties and witnesses, and expense, this action should be dismissed.

### 2.   Belgium is an Adequate Alternative Forum

In the second step of the *forum non* inquiry, the court determines whether the "alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute." *Norex,* 416 F.3d at 153. "An alternative forum is adequate if the defendants are amendable to service of process there, and if it permits litigation of the subject matter of the dispute." *Pollux,* 329 F.3d at 75.

GOVLOG is either subject to, or has consented to personal jurisdiction in Belgium. Geurts Aff. at ¶ 24.

Further, the alternative forum permits litigation of the subject matter of this action. The 3 Complaints assert various causes of action including (a) Breach of Contract against Vessel Defendants; (b) Breach of Bailment against Vessel Defendants; (c) Negligence against Vessel Defendants; (d) Unseaworthiness against Vessel Defendants; (e) Strict Liability against GOVLOG; (f) Strict Products Liability against Ford; and (g) Negligence against Ford. Loh Aff., Exs. "A", "B" and "C". Belgium has analogous causes of action to those asserted in the 3 Complaints, and Plaintiffs' claims would not necessarily be prejudiced if the action were moved to Belgium. Geurts Aff. at ¶ 27.

### 3.     The Private and Public Interests all Favor Belgium as the Forum for this Lawsuit.

The final step in the *forum non* inquiry considers the private and public interests enumerated by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507 (1947).  Private interests include access to sources of proof, cost of obtaining willing witnesses, availability of compulsory process for unwilling witnesses, and other practical concerns.  *Id.* at 508.  Public interests are court congestion, interest of forums in deciding local disputes, and interests in issues of foreign law being decided by foreign tribunals.  *Id.* at 509-09.

### i.     The Private Interests Favor Belgium

The private interests of the parties will be best served by adjudicating this action in Belgium, where most of the facts and witnesses relevant to this action are located.  No evidence or witnesses are located in New York, and most of the European witnesses cannot be compelled to testify in New York.  Maintaining this action in New York will result in costly and futile efforts to produce the witnesses here, when this otherwise can be done more effectively and completely in Belgium.  *Seales,* 356 F. App'x at 464 (fact that key-witnesses were not located in the U.S. weighed in favor of granting *forum non* motion); *Pollux,* 329 F.3d at 75 (same).

An alternative and more convenient forum to resolve this dispute exists in Belgium.  GOVLOG is located in Belgium and has its principal place of business in Belgium.  Geurts Aff. at ¶ 4, 5.  All of GOVLOG's employees are located in Belgium.  Geurts Aff. at ¶ 6 and 8.  All of GOVLOG's activities alleged in the three (3) complaints occurred in Belgium.  Geurts Aff. at ¶ 16 and 21.  All of

GOVLOG's witnesses are located in Belguim.  Geurts Aff. at ¶ 18.  To require GOVLOG to litigate this case in New York or even the United States would be oppressive to GOVLOG. The proper alternative forum is Belgium.

### ii.      The Public Interests Favor Belgium

The public interest factors holding this litigation in Belgium because Belgium law will more likely apply to this action since the subject Ford Escape was loaded aboard the Vessel in Antwerp, Belgium, and Belgium as a jurisdiction has an interest in applying its own law, rather than having it applied by a New York court.  *Pollux,* 329 F.3d at 76 (fact that British law would apply to action "strongly tipped in favor of litigation in England.").

In determining which law to apply to admiralty cases, "the Supreme Court has adopted an interest analysis that looks to "(1) the place of the wrongful act; (2) the law of the ship's flag; (3) the domicile of the injured party; (4) the domicile of the shipowner; (5) the place of the contract; (6) the inaccessibility of the foreign forum; (7) the law of the forum; and (8) the shipowner's base of operations." *Carbotrade S.p.A v. Bureau Veritas,* 99 F.3d 86, 90 (2d Cir. 1996).  While no one fact is dispositive, "the Supreme Court in *Lauritzen* emphasized the importance of the law of the flag, which overbears most other connecting events in determining applicable law . . . ." *Id.*

These factors generally point to the application of Belgian law in this action. (1) The wrongful act—as alleged by Plaintiffs—occurred either in Antwerp, Belgium where the subject Ford Escape was loaded aboard the Vessel or in the English Channel where the fire started aboard the Vessel; (2) Motor Vessel "Courage" flew the U.S. flag; (3) The injured parties—AXA Corporate Solutions Deutschland, BMW AG, HDI Global SE and Daimler AG are either a European

joint stock company or a German corporation (*Id.* at Exs. "E", "F" and "G") and International Auto Logistics, LLC is a Georgia corporation (*Id.* at Ex. "H")—are all domiciled outside New York; (4) the shipowner, Fidelio Limited Partnership is a New Jersey entity domiciled in New Jersey (*Id.* at Ex. "I"); (5) GOVLOG's contract for the handling of the subject Ford Escape was entered in Belgium (Geurts Aff. at ¶ 21); (6) Belgium has a sophisticated, well-developed legal system capable of handling this dispute (*Id.* at ¶ 27); and (8) the shipowner's base of operations is in New Jersey (Loh Aff., Ex. "I").

Further, Belgium has a greater interest in adjudicating this action than does New York. Belgium, home to GOVLOG, has a strong interest in adjudicating issues related a vehicle which was loaded aboard an ocean-going vessel in Antwerp, Belgium. Belgium also has an interest in ensuring that Fidelio, as the shipowner, operates seaworthy vessel with adequate fire-suppression equipment. *Seales,* 356 Fed. App'x. at 465 (the "public interests weighed in favor of a Jamaican forum" because "the events giving rise to this action occurred in Jamaica"); *Pollux,* 329 F.3d at 76 (England had a stronger public interest in adjucating this action because the events at issue took place in England).

In short, all of the relevant factors favor dismissal of this action.

## B.   Plaintiffs' Argument for a New York forum is Unavailing

Plaintiffs likely will argue that Defendants' *forum non* motion should be denied because the waybill issued by ARC allegedly included a choice-of-forum provision selecting this District as the forum for disputes arising out of the shipment of the subject Ford Escape. Loh Aff., Ex. "D". This argument is unavailing.

The ARC bill of lading No. AROFBEANR005009 does contain a S.D.N.Y. forum selection clause, but none of the Plaintiffs (AXA Corporate Solutions Deutschland, BMW AG, HDI Global SE, Daimler AG and International Auto Logistics, LLC) are parties or beneficiaries of this ARC bill of lading. Plaintiffs have alleged GOVLOG is a shipper on ARC bill of lading No. AROFBEANR005009 and this distinction only means that GOVLOG's claims against ARC, and vice versa, may be subject to the terms and conditions of the subject ARC bill of lading. Plaintiffs' claims against GOVLOG are not governed by the terms and conditions of the ARC bill of lading No. AROFBEANR005009 and have no bearing on this *forum non* motion. GOVLOG alternatively requests that this action be dismissed against them based on the doctrine of *forum non conveniens*.

## CONCLUSION

For the foregoing reasons, Plaintiffs' complaints against Defendant GOVLOG NV, as well as any cross claims, should be dismissed in their entirety.

Date: New York, NY
        December 16, 2016

                        Respectfully submitted,

                        COZEN O'CONNOR
                        Attorneys for Defendant
                        GOVLOG NV

                        By: _____
                        David Y. Loh
                        45 Broadway Atrium 16th Floor
                        New York, New York  10006
                        Tel:  (212) 509-9400
                        Fax:  (212) 509-9452

LEGAL\28890923\1 00000.0000.000/370767.000

19